UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 4:19-cv-02396-SNLJ |
| NEOMA HARRIS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Metropolitan Life Insurance Company's motion to dismiss, which seeks dismissal of defendant Neoma Harris's cross-claim for negligence. (ECF #29). Neoma did not respond to the motion. For the following reasons, the motion will be **GRANTED**.

MetLife filed this interpleader action seeking a determination of the "proper beneficiary or beneficiaries of the [Boeing Company Consolidated Health and Welfare Benefit] Plan." Joe Harris, who died on February 7, 2019, was entitled to $32,640.00 under the Plan. Defendants Alvin L. Harris, Anthony D. Harris, and Joseph L. Harris are Decedent's surviving sons. Defendant Neoma Harris is purported to be Decedent's surviving spouse. They married on or about January 30, 2010.

The most recent beneficiary designation on record, dated May 23, 2005, designated "Dorothy Harris" as sole beneficiary. However, Anthony submitted a claim affidavit to MetLife on May 14, 2019, stating that Decedent's marriage to Dorothy

1

terminated after her death and that Decedent was survived only by Anthony, Alvin, and Joseph. The affidavit further stated that Neoma's marriage to Decedent had ended in divorce or annulment.  MetLife, therefore, paid one-third of the life insurance benefits to Anthony on May 16, 2019, in the amount of $10,8880.00 as a surviving son. Claim forms were sent to Alvin and Joseph for the remaining two-thirds.

On June 21, 2019, Neoma filed her own claim affidavit stating that she was the surviving wife to Decedent, contradicting Anthony's earlier statement. MetLife sought clarification from Anthony, who sent a letter to MetLife suggesting a dissolution proceeding was filed in Lincoln County, Missouri, in 2018—Cause No. 18L6-FC00177. However, Anthony later "advised [MetLife] that a divorce was never finalized." Neoma's claim affidavit confirms the divorce had not been finalized, attaching as an exhibit the state court's order dismissing the dissolution proceedings "due to the death of petitioner" on March 5, 2019. Undeterred, Alvin followed up with his own letter to MetLife arguing a post-nuptial agreement between Neoma and Decedent controls; further, he suggested Neoma has dementia and that her daughter, Brenda McCormick, is taking advantage of this by "pretending to be her mother" through the forging of various documents in order to gain access to the life insurance benefits.

For its part, MetLife feels stuck in a precarious position between feuding family members, and therefore filed this interpleader action to determine who is entitled to proceeds of the policy governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.  The immediate motion, however, seeks only narrow relief in the dismissal of Neoma's cross-claim for "negligence" against MetLife

2

that Neoma file on July 29, 2020 (ECF #25). Metlife says this claim is preempted by ERISA.

This Court agrees. The basis of Neoma's negligence claim is that Metlife failed to "verify[] the statements of Anthony D. Harris that his father (Decedent) and Neoma Harris had divorced," resulting in the improper payment of $10,880.00 to Anthony. This is, thus, a claim sounding in improper processing. Yet, "ERISA § 502(a) [is] the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987). And, therefore, "because [her] proposed state law claim[] could have been brought under ERISA's civil enforcement, her claim [is] completely preempted." *Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 945 (8th Cir. 2014). In fact, Neoma brings a claim under ERISA, as well. Accordingly, the state law negligence claim is both redundant and completely preempted by federal law and will, therefore, be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Metropolitan Life Insurance Company's motion to dismiss (ECF #29) is **GRANTED**. Defendant Neoma Harris's cross-claim for negligence is hereby dismissed as preempted by ERISA Section 502(a).

So ordered this 22nd day of September 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3