UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NEOMA HARRIS, et al., | ) ) |
| Defendants. | ) ) |

Case No. 4:19-cv-02396-SNLJ

## MEMORANDUM AND ORDER

This matter comes before the Court on several motions.

MetLife filed this interpleader action seeking a determination of the "proper beneficiary or beneficiaries of the [Boeing Company Consolidated Health and Welfare Benefit] Plan." Joe Harris, who died on February 7, 2019, was entitled to $32,640.00 in life insurance benefits under the Plan. Defendants Alvin L. Harris, Anthony D. Harris, and Joseph L. Harris are decedent's surviving sons. Defendant Neoma Harris is purported to be decedent's surviving spouse. They married on or about January 30, 2010.

The most recent beneficiary designation on record, dated May 23, 2005, designated "Dorothy Harris" as sole beneficiary. However, Anthony submitted a claim affidavit to MetLife on May 14, 2019, stating that decedent's marriage to Dorothy terminated after her death and that Decedent was survived only by Anthony, Alvin, and Joseph. The affidavit further stated that Neoma's marriage to decedent had ended in divorce or annulment.  MetLife, therefore, paid one-third of the life insurance benefits to

1

Anthony on May 16, 2019, in the amount of $10,8880.00 as a surviving son. Claim forms were sent to Alvin and Joseph for the remaining two-thirds.

On June 21, 2019, Neoma filed her own claim affidavit stating that she was the decedent's surviving wife, contradicting Anthony's earlier statement. MetLife sought clarification from Anthony, who sent a letter to MetLife suggesting a dissolution proceeding was filed in Lincoln County, Missouri, in 2018—Cause No. 18L6-FC00177. However, Anthony later "advised [MetLife] that a divorce was never finalized." Neoma's claim affidavit confirms the divorce had not been finalized, attaching as an exhibit the state court's order dismissing the dissolution proceedings "due to the death of petitioner" on March 5, 2019.

MetLife filed this interpleader action to determine who is entitled to proceeds of the policy governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

MetLife filed a motion for summary judgment against Neoma on her counterclaim for breach of ERISA plan. [Doc. 48.]  Shortly thereafter, Neoma's counsel advised the Court that Neoma had died and requesting additional time to respond to the motion. Neoma's daughter and personal representative for Neoma's estate, Brenda McCommack, was substituted for Neoma as a party.  [Doc. 57.]

Not long after Neoma's counsel filed the suggestion of death, defendant Alvin filed motions for summary judgment [Doc. 53, Doc. 56].   The gist of those motions is that, now that Neoma is deceased, nothing remains for this case but distribution of the remaining insurance proceeds to Alvin and Joseph.

Finally, Neoma has filed a motion for summary judgment against Alvin. [Doc. 65.]

## I. Summary judgment standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

3

## II.     Discussion

### A.     MetLife's Motion

Neoma Harris's counterclaim against MetLife seeks damages for MetLife's alleged violation of the ERISA plan by paying one-third the life insurance proceeds to Anthony.  MetLife seeks summary judgment on the counterclaim because, MetLife argues, there is no dispute as to the facts, and under those facts, MetLife acted in good faith.  "An insurer is discharged from all subsequent liability when it makes good faith payments to a purported beneficiary without notice of any competing claims."  *Crosby v. Crosby*, 986 F.2d 79, 83 (4th Cir. 1993); *Weed v. Equitable Life Assur. Soc. of U.S.*, 288 F.2d 463, 464-65 (5th Cir. 1961).  The claims administrator has no duty to investigate the validity of claim forms presented to it.  *Black v. Lincoln National Life Ins.*, 262 F. Supp. 3d 568, 573 (N.D. Ill. 2017).  Substituted defendant McCommack does not dispute this law, nor does she dispute the facts.  Rather, she opposes the motion for summary judgment because she believes that MetLife should have required "a higher standard of proof, namely a Probate Court Order" before disbursing insurance proceeds to Anthony. [Doc. 69 at 1.]  McCommack cites no law in support of her contention.  MetLife's motion for summary judgment will be granted.

### B.     Alvin Harris's motions

Next, the Court addresses defendant Alvin Harris's motions.  Alvin suggests that the remaining proceeds should simply be turned over to him and his brother Joseph because Neoma has died.  Alvin's motion predated substitution of McCommack as personal representative of Neoma's estate, so an appropriate party has now been

4

substituted. Neoma's claim to the insurance proceeds was not extinguished when she died. Alvin Harris's motions are without merit and will be denied.

### C. Neoma Harris's motion

Finally, the Court addresses Neoma Harris's motion for summary judgment against Alvin Harris. Alvin initially failed to file an answer to Neoma's cross complaint. Although he successfully moved to set aside the resulting default judgment, Neoma's motion points out that he has still not filed an answer to the cross complaint. Neoma further notes that Alvin has not responded to her Requests for Admission, which were served on him June 4, 2021, and which are thus deemed admitted. Notably, Alvin did not file a response in opposition to the motion for summary judgment, either, and the time for doing so has passed.

Neoma's motion contends that she is entitled to the life insurance proceeds at issue because she was the decedent's surviving spouse at the time of decedent's death. In the event that no beneficiary is designated, the beneficiary is determined by first looking to whether there is a surviving spouse. According to the uncontested facts, Neoma was still married to decedent when he died. It thus appears that judgment should be entered in favor of Neoma's personal representative, Brenda McCommack, and against Alvis Harris.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Metropolitan Life Insurance Company's motion for summary judgment [Doc. 48] is **GRANTED**.

**IT IS FURTHER ORDERED** defendant Neoma Harris's motion for summary judgment against cross-defendant Alvin Harris [Doc. 65] is **GRANTED**.

**IT IS FINALLY ORDERED** that defendant Alvin Harris's motions [Doc. 53, Doc. 55] are **DENIED**.

So ordered this 7th day of February, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE